# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MAYCIE SAGE JOHNSTON-RANDALL,

    Plaintiff,

v.                                                                Case No. 3:22-cv-133-TJC-JBT

WASTE PRO OF FLORIDA, INC.,

    Defendant.

## **O R D E R**

This Fair Labor Standards Act case is before the Court on Plaintiff Maycie Sage Johnston-Randall's Unopposed Motion to Award Attorney's Fees (Doc. 29). On May 3, 2022, Johnston-Randall informed the Court that she had accepted an Offer of Judgment to resolve her FLSA claims against Defendant Waste Pro of Florida, Inc. (Doc. 21). On July 19, 2022, United States Magistrate Judge Joel B. Toomey recommended that the Court enter Judgment in favor of Johnston-Randall against Waste Pro. (Doc. 26). On August 12, 2022, the Court adopted the report and recommendation, and the Clerk entered final judgment in favor of Johnston-Randall against Waste Pro on August 15, 2022. (Docs. 27, 28). Johnston-Randall now moves the Court to determine whether she is entitled to an award of attorney fees and costs against Waste Pro pursuant to 29 U.S.C. § 216(b) and Local Rule 7.01.

Local Rule 7.01's bifurcated attorney's fees procedure requires parties to first demonstrate an entitlement to attorney's fees before filing a supplemental motion on amount. Local Rule 7.01(a), (b). "Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." Laney v. BBB Logistics, Inc., 844 F. App'x 203, 207 (11th Cir. 2021)[1] (quoting Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985)). A plaintiff prevails in an FLSA case when accepting a defendant's offer of judgment. See, e.g., Jones v. Waste Pro USA, Inc., No. 6:22-cv-503-GAP-DCI, 2022 WL 4348584, at *1 (M.D. Fla. Aug. 30, 2022), report and recommendation adopted, 2022 WL 4305923 (M.D. Fla. Sept. 19, 2022) (collecting cases).

Johnston-Randall accepted Waste Pro's offer of judgment, which the Court approved and entered as final judgment. (Doc. 27). Therefore, the Court finds that Johnston-Randall is entitled to attorney's fees under § 216(b) as the prevailing party.

Accordingly, it is hereby

---

[1] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

**ORDERED:**

1) Plaintiff's Unopposed Motion to Award Attorney's Fees (Doc. 29) is **GRANTED**. Plaintiff is entitled to attorney's fees as the prevailing party.

2) Plaintiff shall file her supplemental motion on the amount of attorney's fees, consistent with Local Rule 7.01(c), no later than **October 17, 2022**.

3) Defendant shall file any response no later than **October 31, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of record